IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEITH S. GARY,

                Plaintiff,

v.

ANNA YOUNG, LINDSAY WALKER,
RENEE SCHUELER, JON LITSCHER,
MICHAEL DITTMANN, and LUCAS WEBER,

                Defendants.

ORDER

18-cv-541-jdp

---

Pro se plaintiff Keith S. Gary is a prisoner at Columbia Correctional Institution. He alleges that correctional officer Anna Young gave him another prisoner's medication, causing him to become ill, in violation of the Eighth Amendment and state negligence law. He also alleges that defendants Michael Dittmann, Lucas Weber, Lindsay Walker, Renee Schueler, and Jon Litscher are responsible for maintaining a policy that permits correctional officers, rather than medical staff, to distribute medication to inmates. Before the court is defendants' motion to compel Gary to sign a medical records authorization. Dkt. 15. Defendants say that they asked Gary to sign the authorization multiple times, but he has refused.

In Gary's response brief, Gary agrees that he must sign a medical authorization form to proceed with his claims. But he objects to the proposed medical authorization sent by defendants on the ground that it is overly broad and is not tailored to the claims in this case. He explains that he presented a modified version of the medical authorization to defendants, Dkt. 13-1, but that defendants rejected it as insufficient.

I agree with Gary that defendants' proposed medical authorization form is overly broad. The authorization would give defendants permission to access *all* of Gary's medical records,

including "records, reports, documents, materials, notes, memoranda, correspondence, x-rays, photographs, insurance forms and all billings" that relate to his physical or mental condition. Dkt. 16-4. The authorization has no designated time frame, and it expressly covers psychological and psychiatric records, alcohol and drug treatment records, HIV and AIDS test results, and records from Gary's time spent in prison, juvenile detention, and on community supervision. Defendants fail to offer any persuasive reason why they need to review such a broad range of records to litigate this case. Gary's claim in this case concerns an incident that occurred on February 9, 2018. Although he alleges that defendant Young has provided the wrong medical to other inmates, he has not alleged that he received the wrong medication on any other date before or after that incident. So the medical authorization form should be limited to the timeframe immediately before he was given the wrong medication and to a reasonable amount of time afterward.

Gary's proposed medical authorization form is more reasonable. His authorization sets the timeframe as January 9, 2017 to February 9, 2019 for records regarding his physical health and January 9, 2018 to March 9, 2018 for his mental health records. Gary's authorization also prohibits defendants from accessing records concerning alcohol and drug treatment and HIV and AIDS tests. I agree with Gary that such records are irrelevant to this case. Defendants say that Gary's proposal is inadequate, but they do not explain why. Defendants' primary argument seems to be that the state has used this standard medical authorization form in hundreds of previous cases without any objection, but that is not a good argument, particularly where many of the litigants who have signed the form without objection were probably acting without an attorney. If defendants are concerned about some of the language used in Gary's authorization

form, they should discuss their concerns with Gary and offer to rephrase or retype the form. But I will not compel Gary to sign the form proposed by defendants.

Defendants also ask that the October 18, 2019 dispositive deadline be stayed until at least 60 days after Gary provides a signed medical records authorization. That request will be denied, because defendants' insistence that Gary sign an overly broad medical authorization is the primary reason for the delay in this case. But I will extend the dispositive motions deadline by 30 days so that the parties can negotiate a mutually agreeable medical authorization form.

ORDER

IT IS ORDERED that:

1. The motion to compel filed by defendants Anna Young, Michael Dittmann, Lucas Weber, Lindsay Walker, Renee Schueler, and Jon Litscher, Dkt. 15, is DENIED.

2. The dispositive motions deadline is extended to November 3, 2019.

Entered October 7, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge