IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEITH S. GARY,

                Plaintiff,

v.                                                                                          OPINION and ORDER

ANNA YOUNG, LINDSAY WALKER,                                    18-cv-541-jdp
RENEE SCHUELER, JON LITSCHER,
MICHAEL DITTMANN, and LUCAS WEBER,

                Defendants.

---

    Pro se plaintiff and prisoner Keith Gary was proceeding in this case on claims that correctional and health services staff at Columbia Correctional Institution distributed the wrong medications to him, causing him become very sick. Gary died in January 2020, shortly after defendants filed a motion for summary judgment. Gary's mother, Willetta Gary, has filed several letters with the court, asking that she be permitted to continue pursuing Gary's claims as his representative under Rule 25(a) of the Federal Rules of Civil Procedure. Dkt. 48; Dkt. 50; Dkt. 53; Dkt. 54; Dkt. 56. She states that she is the executor of Gary's estate. Willetta also asks that inmate Oscar McMillian, who had been drafting all of Keith Gary's filings in this case, be permitted to litigate on her behalf. In the alternative, she asks that the court recruit counsel to represent her. Dkt. 51. McMillian has filed his own motion, asking that he be appointed as a representative of Willetta, so that he may continue litigating Keith Gary's claims. Dkt. 46. For the reasons below, I am denying all of the motions filed by Willetta Gary and McMillian.

ANALYSIS

Rule 25(a)(1) authorizes courts to substitute a proper party if an existing party dies while litigation is ongoing. The rule states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). When presented with a Rule 25(a) motion, a court must consider whether: (1) the claims are extinguished; (2) the motion is timely; and (3) the person being substituted is the proper party. The rule gives courts discretion in deciding whether substitution is appropriate. Fed. R. Civ. P. 25(a)(1) (providing that the court "*may* order substitution of the proper party") (emphasis added).

Keith Gary filed his claims under 42 U.S.C. § 1983 and state law. Because § 1983 says nothing about the issue of survival of a claim after the death of a party, federal courts look to state law to determine whether § 1983 claims survive the death of a party. *See Robertson v. Wegmann*, 436 U.S. 584, 589 (1978); *Bentz v. City of Kendallville*, 577 F.3d 776, 778–79 (7th Cir. 2009). Keith's deliberate indifference claims are most analogous to state law personal injury claims. *See Owens v. Okure*, 488 U.S. 235, 240 (1989) ("[Section] 1983 claims are best characterized as personal injury actions."). Under Wisconsin law, personal injury claims survive the death of the injured party. Wis. Stat. § 895.01(1); *Christ v. Exxon Mobil Corp.*, 2015 WI 58, ¶ 20, 362 Wis. 2d 668, 866 N.W.2d 602 ("Personal injury actions seeking damages for a decedent's injuries suffered before death" survive the decedent's death.). Therefore, Keith's deliberate indifference claims, as well as his state law tort claims, were not extinguished by his death.

As to the timeliness of the motion to substitute, Willetta Gary filed her first motion within 90 days from the date the suggestion of death was entered on the record. Therefore, the motion to substitute is timely.

The final question is whether Willetta Gary is the proper party to assume Keith Gary's claims. Rule 25 states that the proper party to be substituted is the "representative" or "successor" of the deceased party. Rule 25 does not define "representative" or "successor." But the Court of Appeals for the Seventh Circuit has interpreted "successor" to mean the heirs or beneficiaries of an estate that has been distributed, and "representative" to mean the personal representative appointed by the court for an estate that has not yet been distributed. *See Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008). *See also Schwister v. Schoenecker*, 2002 WI 132, ¶ 9, n.9, 258 Wis. 2d 1, 654 N.W.2d 852 (under Wisconsin substitution rule that is based on Rule 25, "representative" refers to legal personal representative appointed by the probate court, and "successor" means heirs or beneficiaries of a will or distributees of an estate that has been distributed).

Willetta says that she is the proper party under Rule 25 because she is the representative of Keith Gary and the executor of his estate. But Willetta has not provided evidence establishing that any court has appointed her as the representative of Keith Gary or the executor of his estate. Nor has she argued or shown that she should be considered Keith's successor. Her parental relationship to Keith is not enough. Based on Keith's previous cases in this court, I am aware that Keith has adult children. It may be that Keith died without a will or assets, and that Keith's children have no interest in pursuing the claims he filed in this case. Nonetheless, I cannot substitute Willetta Gary as plaintiff in this case without some evidence that she is the proper party.

There are additional reasons why Willetta Gary cannot be substituted as the plaintiff in this case. As plaintiff, Willetta would not be representing her own interests; rather, she would be representing the interests of Keith Gary's estate. But Willetta cannot represent Keith's estate without the assistance of counsel. *See Malone v. Nielson*, 474 F.3d 934, 937 (2007) (pro se litigant cannot represent estate unless she is sole beneficiary). That would be so even if Willetta could show that she had been named the executor of Keith's estate. And Oscar McMillian cannot act as counsel for Willetta, because he is not a licensed attorney.

Finally, in determining whether to substitute a party, many courts consider whether the substituted party could adequately represent the deceased party. *See, e.g., In re Baycol Prod. Litig.*, 616 F.3d 778, 788 (8th Cir. 2010) (district courts should "look at the facts and circumstances of each case and then determine whether the person moving to substitute will sufficiently prosecute or defend the action on the decedent's behalf"); *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 515 (D.C. Cir. 1999) ("The federal courts have institutional interests of their own in regulating the substitution of qualified parties even if a cause of action survives the death of the original plaintiff."); *Rocco v. Bickel*, No. 1:12-CV-829, 2013 WL 4000886, at *2–3 (M.D. Pa. Aug. 5, 2013) ("substitute party's capacity to litigate, rather than any coincidence of biology, is what controls here"). Under the circumstances here, it likely would be impossible for Willetta Gary to litigate this case in Keith's absence.

Defendants filed a motion for summary judgment in this case already. They submitted evidence showing that defendant Anna Young's distribution of the wrong medication to Keith Gary was a one-time mistake, and that Keith had reviewed the medication package and confirmed that it was his before taking the medication. Dfts.' PFOF, Dkt. 23, ¶¶ 10–11. Defendants also submitted evidence showing that Gary was motivated to cause trouble for

Young. *Id.*, ¶¶ 7-8. To defeat defendants' motion for summary judgment, Keith would have had to submit evidence, likely in the form of his own declaration, sufficient to create a genuine dispute with respect to these facts. With Keith no longer able to provide a declaration describing his version of events, it is not clear how Keith's deliberate indifference claims could succeed.

Despite these difficulties, I will not consider recruiting counsel to represent Willetta Gary in this case. Willetta has not shown that she is a proper party and, even if she had, she has not shown that she made reasonable attempts to find a lawyer on her own. *See Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992) (before court recruits counsel for pro se litigant, pro se litigant must show that she made reasonable efforts to find a lawyer). To satisfy this requirement, Willetta Gary would need to submit the names of three lawyers who declined to represent her in this case. And even if Willetta had shown that she tried to find counsel on her own, I would decline to recruit counsel for this case. Keith Gary's claims are not factually or legally complicated. The complexity arises from Keith's death and the difficulty in proving his claims without his testimony. Any lawyer would face the same difficulty proving Keith's claims.

For all of these reasons, I will deny Willetta Gary's requests to be substituted as plaintiff in this case, and I will deny her request for counsel. I will also deny Oscar McMillian's request to represent Willetta. If no other motion for substitution is made in this case by April 20, 2020, this case will be dismissed under Rule 25(a). Fed. R. Civ. P. 25(a) ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").

ORDER

IT IS ORDERED that:

1. Willetta Gary's motions to be substituted as plaintiff, Dkt. 48; Dkt. 50; Dkt. 53; Dkt. 54; Dkt. 56, and motion for recruiting of counsel, Dkt. 51, are DENIED.

2. Oscar McMillian's motion to permitted to continue litigating this case, Dkt. 46, is DENIED.

3. If no additional motion for substitution is filed by April 20, 2020, this case will be dismissed under Rule 25(a) of the Federal Rules of Civil Procedure.

Entered April 15, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge