IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEITH S. GARY,

                    Plaintiff,

  v.
                                              ORDER

ANNA YOUNG, LINDSAY WALKER,                 18-cv-541-jdp
RENEE SCHUELER, JON LITSCHER,
MICHAEL DITTMANN, and LUCAS WEBER,

                    Defendants.

---

In a previous order, I denied Willetta Gary's motions to be substituted as plaintiff for her deceased son, Keith Gary, who initiated this lawsuit before he died. Dkt. 58. I explained that Willetta Gary had not shown that she would be a proper party to be substituted under Rule 25(a)(1) of the Federal Rules of Civil Procedure.

Willetta Gary has now filed a motion seeking an extension of time by which she can retain an attorney to represent her. Dkt. 59. But Willetta Gary is not a party in this case, and the court has not set any deadline by which she must retain an attorney. So I will deny that motion as unnecessary.

Willetta Gary also has filed a motion to extend the deadline by which she can submit amended pleadings. Dkt. 61. Because she is not a party, Willetta Gary cannot file pleadings in this case. I will deny that motion as well.

The only deadline pending in this case is the deadline by which a motion for substitution under Rule 25(a) must be made, which is May 26, 2020. If a motion for substitution is not made by that date, this case will be dismissed. Fed. R. Civ. P. 25(a) ("If the motion is not made within 90 days after service of a statement noting the death, the action by

or against the decedent must be dismissed."). If Willetta Gary intended for her motions to be treated as motions to extend the substitution deadline, I would deny those motions as well. As I explained in the previous order, Willetta Gary has not shown that she would be a proper plaintiff because: (1) she has not shown that she is Keith Gary's sole successor or that she has been appointed as representative of his estate (power of attorney is not the same as estate representative); (2) she is not represented by counsel; and (3) she has not shown that she could litigate this case in Keith's absence. I will not consider granting any motion by Willetta Gary to extend the deadline for substitution unless the motion is accompanied by evidence that addresses these three concerns.

ORDER

IT IS ORDERED that Willetta Gary's motion for an extension of time to seek counsel, Dkt. 59, and motion for an extension of time to file additional pleadings, Dkt. 61, are DENIED.

Entered May 13, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge